UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS RAY ANDERSON,

    Petitioner,

v.

O.T. WINN,

    Respondent.
_____/

Case No. 2:20-cv-12047

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

### I. INTRODUCTION

Curtis Ray Anderson ("Petitioner"), confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a petition for writ of habeas corpus. Petitioner was convicted in 1990 of second-degree murder and possession of a firearm in the commission of a felony (felony-firearm). Petitioner seeks immediate release from prison based on the current COVID-19 pandemic and his fear that he might be infected with the disease. *See* ECF No. 1, PageID.3.

The present petition constitutes a second or successive habeas petition within the meaning of 28 U.S.C. § 2244(b)(3). For the reasons that follow, the case is transferred to the Court of Appeals so that petitioner may obtain permission to file a successive petition for writ of habeas corpus.

## II. BACKGROUND

Petitioner was convicted of second-degree murder and felony-firearm in 1990 by a jury in the Oakland County Circuit Court. Petitioner was sentenced to life in prison on the second-degree murder conviction and two years on the felony-firearm conviction.

Petitioner filed a petition for writ of habeas corpus, challenging this conviction. The petition was dismissed as being time-barred under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations contained in 28 U.S.C. § 2244(b)(3)(A). *See Anderson v. Kapture*, No. 02-CV-70751-DT, 2002 WL 35655767 (E.D. Mich. Oct. 3, 2002). The Sixth Circuit subsequently denied Petitioner permission to file a successive habeas petition. *In Re Anderson,* No. 12-2418 (6th Cir. June 3, 2013). Petitioner was thereafter denied permission to amend his first habeas petition. *Anderson v. Kapture*, No. 02-CV-70751-DT, 2019 WL 197334 (E.D. Mich. Jan. 14, 2019).

In the instant petition, Petitioner seeks to be released from prison on the sentence that he is serving for second-degree murder and felony-firearm. Petitioner's claim is based on the COVID-19 pandemic and his fear that he might contract the disease.

### III. LAW & ANALYSIS

Petitioner is requesting immediate release from his conviction. Accordingly, his action is properly construed as a petition for writ of habeas corpus brought pursuant to of 28 U.S.C. § 2254. *See e.g.*, *Simpson v. Caruso,* 355 F. App'x 927, 930 (6th Cir. 2009).

As an initial matter, Petitioner also seeks to be released from prison pursuant to 18 U.S.C. § 3143(a). Petitioner is a prisoner who is in custody pursuant to a state conviction. "The provisions of 18 U.S.C. § 3143(a) are limited by operation of 18 U.S.C. § 3141(b) to federal defendants in federal criminal prosecutions." *Wilcox v. Morgan*, No. 306CV-496-R, 2007 WL 9728462, at *1 (W.D. Ky. Apr. 30, 2007). Petitioner, as a state prisoner, is unable to avail himself of § 3143(a) to obtain release from his sentence. *Id.*

Where a prisoner's habeas petition seeks release from prison by claiming that no set of conditions of confinement would be constitutionally sufficient, the claim is properly construed as challenging the fact or extent of confinement, which is a cognizable habeas claim. *See Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (citing *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011). On the other hand, claims for conditions of confinement which seek relief in the form of improvement of prison conditions or a transfer to another facility are not cognizable in a habeas petition. *Id.* (citing *Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013)).

Petitioner's habeas petition, construed liberally, seeks release from custody on the ground that he is in danger of contracting the novel coronavirus while incarcerated and that no set of conditions of confinement could prevent him from being infected with the virus. The petition thus states a cognizable claim for habeas relief. Petitioner, however, has already filed a habeas petition challenging his conviction for second-degree murder and felony-firearm.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization

4

from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

As explained above, Petitioner's challenge to the conditions of his confinement in order to obtain release on his second-degree murder and felony-firearm convictions is a successive habeas petition within the meaning of § 2244(b). This Court is thus without jurisdiction to entertain the habeas petition in the absence of authorization from the Sixth Circuit to permit petitioner to file this petition. *See In re Sapp*, 118 F.3d 460, 463–64 (6th Cir. 1997); *see also Figueroa v. Walsh*, No. 00-CV-1160 (NGG), 2020 WL 2198124, at *1 (E.D.N.Y. May 6, 2020) (denying habeas petitioner's third submission, seeking immediate release due to the COVID-19 pandemic, as an unauthorized second or successive habeas petition). The Court takes notice that Petitioner does not seek in his current petition to simply improve the conditions of confinement, i.e., the health care at the prison or to improve social distancing or masking requirements. Rather, Petitioner seeks release from custody on a conviction for which he has already been denied habeas relief. Accordingly, his current habeas petition is an unauthorized successive habeas petition. *In Re Sapp,* 118 F.3d at 464.[1]

---

[1] To the extent that Petitioner wishes to challenge the conditions of confinement at the Saginaw Correctional Facility, in order to improve the conditions at the prison where he is incarcerated, he is free to file a separate civil rights complaint pursuant to 42 U.S.C. § 1983.

Finally, the dismissal of petitioner's 2002 habeas petition based on his failure to comply with the AEDPA's one-year statute of limitations is considered an adjudication on the merits that renders the current petition "second or successive" for the purpose of § 2244(b), with respect to this judgment. *See In re Rains,* 659 F.3d 1274, 1275 (10th Cir. 2011); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 765 (7th Cir. 2003) (per curiam); *cf. In Re Cook,* 215 F.3d 606, 607–08 (6th Cir. 2000) (when petitioner's first habeas application was dismissed for procedural default arising from failure to exhaust state remedies where the statute of limitations had run on those remedies, the dismissal was "on the merits," and the petitioner's later habeas application was "second or successive," for purposes of § 2244(b)).

Accordingly, the Clerk of Court is ordered to transfer Petitioner's present habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

### IV.  ORDER

**IT IS ORDERED** that the Clerk shall transfer the petition (ECF No. 1) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**SO ORDERED**.

Dated:  August 7, 2020

                                            /s/Gershwin A. Drain  
                                            GERSHWIN A. DRAIN  
                                            United States District Judge

CERTIFICATE OF SERVICE

A Copy of this Order was served on Curtis Ray Anderson, No. 208843, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, Michigan 48623 on August 7, 2020, by electronic and/or ordinary mail.

/s/ Teresa McGovern  
Deputy Clerk